**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JOSEPH TRIM, SR. (#131082)**                        **CIVIL ACTION NO.**

**VERSUS**                                                                     **21-591-SDD-SDJ**

**VENNY VENNEDY, ET AL.**

**ORDER**

Joseph Trim, Sr., who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, instituted this action on or about October 12, 2021, against numerous Defendants[1] pursuant to 42 U.S.C. § 1983.[2] It appears Trim is alleging that Defendants failed to protect him from violence at the hands of another inmate.[3]

In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that illustrates each defendant's participation in the alleged wrong.[4] The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[5] Officials may also be liable for implementation of an unconstitutional policy or custom if the policy or custom was the driving force of the constitutional violation.[6] Trim does not allege that any one Defendant is responsible for the attack that occurred on Trim, but he instead purports to generally blame all doctors at the treatment center and officers at LSP and "at Camp."[7] Instead of having his lawsuit dismissed at this time, Trim will be given

---

[1] Based on the Complaint, it is unclear who the intended Defendants are. R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 1.
[4] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[6] *Cozzo v. Tangipahoa Parish Counsel*, 279 F.3d 273, 289 (5th Cir. 2002) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).
[7] *See* R. Doc. 1.

another opportunity to allege specific facts that he believes support his claims, if possible.[8] Accordingly,

**IT IS ORDERED** that, by no later than June 22, 2022, Trim must file an amended complaint on the standardized § 1983 lawsuit form (same form used previously), stating specific facts to support his claims. In any amended complaint, Trim must provide the details of his claims as ordered herein. Trim must be certain to attribute all actions or inactions that he alleges supports the finding of a constitutional violation to specific Defendant(s)—stating "ALL" officers is inadequate; Trim must make allegations against Defendants by name. Trim is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating only the bare assertions originally provided without providing specifics. The amended complaint must expressly address the following:

1) In the caption of the Complaint form and in Part III, list each Defendant **by name**. The names in the caption and in Part III must match exactly.

2) Regarding the attack by another inmate that allegedly occurred on May 28,[9]

    a. Did you have any prior altercations with this inmate;

    b. Did you report any prior altercations with this inmate to prison personnel, and if so, to whom did you report;

    c. Was this inmate on your "Enemy List;"

    d. What officers were nearby when the attack occurred;

    e. Where was the officer(s) in relation to you;

---

[8] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

[9] Trim has not specified a year.

    f. Did officer(s) intervene or take any actions to stop the attack, including giving verbal commands?

Trim is placed on notice than an amended complaint takes the place of the previous complaint.[10] His amended complaint will be the operative complaint for this lawsuit and must include all defendants, claims, and facts. Plaintiff is instructed to place the cause number **"3:21cv591"** on the amended complaint and on all documents that he files in this lawsuit.

**Plaintiff is also placed on notice that the lawsuit may be dismissed if he fails to timely comply with this order.**

Signed in Baton Rouge, Louisiana, on June 1, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).